Argued September 6, affirmed September 26, petition for
rehearing denied October 23, 1962

# DELANEY *v.* GLADDEN

374 P. 2d 746

*William G. Paulus*, Salem, argued the cause and filed a brief for appellant.

*Harold W. Adams*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

SLOAN, J.

In 1958 plaintiff was tried in the circuit court for Clackamas county and was found guilty of assault with intent to commit rape. He appealed from that conviction and this court affirmed. *State v. Delaney*, 1960, 221 Or 620, 332 P2d 71, 351 P2d 85. He was represented by an attorney on that appeal. In this post conviction proceeding he claims that his rights under the Fourteenth Amendment to the Federal Constitution and Article 1, § 20, of the Oregon Constitution have been violated. His post conviction petition alleged that ORS 163.270, which he was convicted of violating, is vague and indefinite and that the sentence imposed upon him was excessive. The trial court dismissed plaintiff's petition and he appeals.

ORS 138.550 (2), of the Post Conviction Act, provides that no ground for relief may be alleged in a post conviction case when the petitioner had sought and obtained direct appellate review of his convic-

tion. This limitation does not apply if the petitioner had not been represented by counsel on the direct appeal. The Post Conviction Act was not intended to provide a second appeal. The state is not obliged to provide a forum to hear and rehear cases that have already reached a lawful termination. The issues attempted to be raised in this case were just as available at the time of the direct appeal as they are now.

■ "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States,* 1944, 321 US 414, 444, 64 S Ct 660, 677, 88 L Ed 834, 859. And see a like result in cases very similar to the one at issue in *People v. Davis,* 1953, 415 Ill 234, 112 NE2d 484, cert den 346 US 837, 74 S Ct 57, 98 L Ed 359; *People v. Dolgin,* 1955, 6 Ill2d 109, 126 NE2d 681, and *Ciucci v. People,* 1961, 21 Ill2d 81, 171 NE2d 34, cert den 366 US 952, 81 S Ct 1908; 6 L Ed2d 1245.

■ Plaintiff relies on *Anderson v. Britton,* 1957, 212 Or 1, 318 P2d 291, cert den 356 US 962, 78 S Ct 999, 2 L Ed2d 1068, in his attempt to circumvent the statute and the rule just mentioned. Anderson was a habeas corpus case decided before the enactment of the Post Conviction Act. In Anderson the court decided an issue that could have been raised on a prior direct appeal. It decided that issue because it was one of public importance. We are now governed by the statute. The allegation in plaintiff's petition could reasonably and readily have been asserted in his direct appeal. He was represented by an attorney on appeal. The trial court properly dismissed the petition. The judgment is affirmed.