Argued and submitted February 27, affirmed May 9, reconsideration denied June 29,
petition for review denied August 8, 1984 (297 Or 546)

# DAVID L. ATKESON et al,
*Appellants,*

*v.*

# CUPP,
*Respondent.*

## (138,609; CA A28350)

680 P2d 722

Michael D. Curtis, Salem, argued the cause and filed the brief for appellants.

Martha Rice, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In the present case and two companion cases,[1] 63 inmates of the Oregon State Penitentiary filed habeas corpus petitions in Marion County Circuit Court, alleging that certain irregularities in the selection of members and officers of the Multnomah County grand juries that indicted them rendered the indictments defective so that their convictions must be vacated. The trial court appointed the same attorney to represent all petitioners and then, on its own motion, consolidated the petitions into three cases. On the state's motion, it then dismissed all the petitions on the ground that petitioners' sole remedy is by post-conviction relief under ORS 138.510 to 138.680. Petitioners appeal; we affirm.

■ ■     Petitioners first attack the consolidation of the separate petitions into three cases. Because habeas corpus is a civil proceeding, *Holland v. Gladden,* 229 Or 573, 368 P2d 331 (1962), the Oregon Rules of Civil Procedure apply to the court's actions. The state argues that ORCP 30, which allows the court on its own initative to add or drop parties at any stage of a civil proceeding, provides the authority for the consolidation. It does not. The court did not add parties to an existing action; it consolidated 63 separately-filed actions into three. Consolidation is governed by ORCP 53A, which permits it only on the motion of a party. The court did not have the authority to consolidate the cases without a motion from the state or petitioners requesting it.

■     The court's error, however, was harmless. The 63 petitions were identical, the same attorney was appointed to represent all the prisoners[2] and the issues and necessary discovery would be the same or nearly the same in each case. Petitioners have not suggested how the consolidation may have prejudiced them, and we are unable to conceive of any possible prejudice, at least at this point in the proceedings.

---

[1]This case involves 38 prisoners. *See also Dee v. Cupp,* 68 Or App 385, 680 P2d 725 (1984) (17 prisoners) and *Amacher v. Cupp,* 68 Or App 385, 680 P2d 725 (1984) (eight prisoners).

[2] On appeal, the Public Defender represents one of the petitioners in *Dee v. Cupp, supra,* n 1. That representation does not affect our analysis of the effect of the trial court's action, which occurred at a time when that prisoner, along with all of the others, had the same court-appointed counsel.

■ Petitioners argue that the post-conviction relief statutes do not supersede the common law writ of habeas corpus or, if they do, that they suspend the writ in violation of Article I, section 23, of the Oregon Constitution, which allows suspension only in time of rebellion or invasion. ORS 138.540(1) provides that post-conviction relief "shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings on which it is based." ORS 34.330(3) denies habeas corpus to a person entitled to post-conviction relief. A challenge to the lawfulness of the composition of the grand jury which found the indictments is a challenge to the proceedings on which the conviction is based; it is appropriately brought under post-conviction relief, which thus supersedes habeas corpus.

■ Post-conviction relief is not a suspension of the writ of habeas corpus. ORS 138.530(2) provides:

"Whenever a person petitions for relief under ORS 138.510 to 138.680, ORS 138.510 to 138.680 shall not be construed to deny relief where such relief would have been available prior to [the effective date of the post-conviction act] under the writ of habeas corpus, nor shall it be construed to affect any powers of executive clemency or pardon provided by law."

The drafters of the legislation stated that the purpose of this section is to ensure that post-conviction relief will be as broad as habeas corpus relief and thereby to avoid constititional problems. *See* Collins and Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337, 346, 363-64 (1960), where it is argued that habeas corpus has been superseded in name only, quoting a trial judge who pointed out that "a rose by any other name would smell as sweet." 39 Or L Rev at 363-364. The Supreme Court quoted this article when it held, in *Benson v. Gladden,* 242 Or 132, 136-137, 407 P2d 634 (1965), that post-conviction relief is a proper method to attack the competency of trial counsel. Petitioners do not make a convincing argument that following post-conviction rather than habeas corpus procedures deprives them of any significant practical or legal advantage. The difference are more matters of form than of substance. The substance of habeas corpus remains available to petitioners, although it is now called post-conviction relief so far as these specific claims are concerned.

Affirmed.