CITY OF KENAI, Appellant,

v.

Stanley S. McLANE, Stan A. McLane, Michael P. McLane, M. Scott McLane, George H. Bradford, Bruce D. Robson, individuals, and MSM Partnership, an Alaska general partnership, Appellees.

No. S–3809.

Supreme Court of Alaska.

July 19, 1991.

Rehearing Denied Aug. 23, 1991.

---

Richard G. Haggart, Maloney & Haggart, Anchorage, for appellant.

C.R. Baldwin, Law Offices of C.R. Baldwin, Kenai, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This case presents the question whether Kenai Municipal Ordinance (KMO) 16.05.010 imposes personal liability on landowners who waive its twenty-five percent limitation and agree to accept one hundred percent of the costs of capital improvements in a local improvement district. The superior court held that it does not, and it dismissed the City of Kenai's claim. We reverse.

### I.

In May 1984, the Appellees, a general partnership known as MSM Partnership (MSM), and comprised of six members, Stanley S. McLane, Stan A. McLane, Michael P. McLane, M. Scott McLane, George H. Bradford and Bruce E. Robson, purchased a tract of land in the City of Kenai (City), known as Inlet Woods Subdivision.

When MSM purchased the land, it petitioned the City for establishment of a local improvement district. The district was desired for construction of street improvements, water mains, sanitary sewer mains, storm drains and lighting for the Inlet Woods Subdivision, which MSM sought to develop.

The City agreed to establish the local improvement district after MSM agreed to waive the provision of KMO 16.05.010 which limits levy against benefitted real property for public improvements to twenty-five percent of the property's fair market value. MSM instead agreed to accept responsibility for one hundred percent of the costs of the improvements under that same ordinance. The City then established a special assessment fund and authorized an appropriation of $2,500,000 effective June 6, 1984. It financed the project through a sale of general obligation bonds pursuant to AS 29.47.180.

On June 21, 1988, MSM notified the City that it would not pay its first annual assessment of $210,227.77, and it offered to deed the property back to the City in satisfaction of the amount owing. The City declined this offer and brought suit to collect the assessment due.

In addition to suing the MSM Partnership, the City sued each of the six partners. It argued that the individual partners had accepted personal liability for one hundred percent of the costs of the improvements pursuant to KMO 16.05.010(b); therefore, they could be personally liable to the extent that the City's costs of collection exceed the proceeds of a judicially-ordered sale of the property.

MSM filed a Motion to Dismiss for failure to state a claim under Alaska Civil Rule 12(b)(6), arguing that the City had no authority to assert personal liability for the cost of improvements to MSM's property. The City cross-moved for summary judgment, claiming it had the right to a judicial foreclosure on the property and to a personal judgment against the owners for any deficiency remaining after the sale. A Special Master appointed by the superior court granted MSM's motion after finding that Kenai ordinances neither expressly nor impliedly create automatic personal liability against a landowner for delinquent assessments. The superior court adopted the Master's recommendation and dismissed the case in an order dated August 31,

1989.[1] An amended judgment was issued on December 4, 1989. This appeal followed.

## II.

■ To survive a challenge under Alaska Civil Rule 12(b)(6), a complaint must set forth allegations of fact appropriate to some enforceable cause of action. *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983). The question whether KMO 16.05.010 imposes personal liability on landowners who accept one hundred percent of the cost of improvements in a local improvement district is a question of statutory interpretation. We therefore apply our independent judgment to resolve the issue. *Wien Air Alaska, Inc. v. State, Dep't of Revenue*, 647 P.2d 1087 (Alaska 1982).

## III.

Kenai Municipal Ordinance 16.05.010 sets forth the City Council's authority to assess the cost of capital improvements against benefitted real property. It states:

(a) The City Council may assess against ... private real property benefitted all or a portion of the cost of constructing or improving capital improvements.... [A]ny such special assessment shall be in proportion to, and shall not exceed, the value of the benefit from the improvement.

(b) All benefitted real property ... shall be liable for the cost of public improvements assessed unless specifically exempted from assessments for public improvements by law. No assessments shall be levied in excess of twenty-five (25%) percent of the fair market value of property after giving effect to the benefit accruing from the work or action for which assessed, except where all benefitted property owners waive the above 25% limitation and agree to accept on a pro-

portional basis 100% of the costs of improvements.

The City contends that KMO 16.05.010(b) must be read to compel personal liability due to its requirement that a landowner both *waive* the 25% limitation and then *accept* 100% of the cost of improvements. Any other reading, it claims, results in the mere surplusage of the second clause. We agree.

■ In reviewing a statute or other legislative enactment, this court presumes that every word or provision in the act was intended for a useful purpose, that force and effect must be given to each, and that no superfluous words or provisions were used. *Alaska Transp. Comm'n v. AIRPAC, Inc.*, 685 P.2d 1248 (Alaska 1984).

■ The Kenai ordinance at issue here provides that the cost of public improvements assessed against benefitted real property shall be limited to twenty-five percent of the property's fair market value, "except where all benefitted property owners waive the ... 25% limitation and agree to accept on a proportional basis 100% of the costs of improvements." KMO 16.05.-010(b). We find that an agreement to the first clause of this provision alone, that is, the waiver of the 25% limitation, is sufficient to impose on the benefitted real property one hundred percent of the costs of improvement. We construe the second clause, referring to acceptance of one hundred percent of improvement costs, as constituting an acceptance of personal liability for those costs. Any other reading of the ordinance renders this second clause meaningless and therefore must be rejected.

We further note that the document waiving the twenty-five percent limitation and accepting all costs was signed by each MSM partner in his individual capacity. We see no language or other evidence in that document to suggest that the parties intended that there would be no recourse

---

1. The Master also found that the individual MSM partners could be held personally liable if some other admission of debt personally bound them to the City. Because this question presented an issue of material fact, the Master denied the City's cross-motion for summary judgment.

The superior court rejected the Master's recommendation on this issue and dismissed the case, stating that there existed no evidence of a collateral personal obligation between the individual partners and the City.

against the partners upon MSM's default. We see no indication that the parties contracted for limited liability, and we will not read such a limitation into their agreement. *See Moening v. Alaska Mutual Bank,* 751 P.2d 5, 9 (Alaska 1988) (note which fails to limit signer's liability constitutes a personal obligation on which signer may be sued directly).

## IV.

We conclude that the language of KMO 16.05.010 imposes personal liability on landowners who waive its twenty-five percent limitation and accept one hundred percent of the costs of improvements to benefitted land. Moreover, the waiver signed by the individual partners in this action contains no language to suggest a limitation on their liability; we will read no such limitation into that document. For this reason, the individual partners of MSM may be personally liable for all costs of public improvements to their land.

The superior court's order is REVERSED.