Argued and submitted August 30, affirmed November 13, reconsideration denied December 26, 1991, petition for review denied February 25, 1992 (312 Or 676)

# JAMES DONALD MORROW, Sr.,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
*Respondent.*

(90-C-11360; CA A68018)

820 P2d 1374

Hari Nam S. Khalsa, Deputy Public Defender, Salem, argued the cause and filed the brief for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Petitioner pled guilty to two counts of sodomy in the first degree, ORS 163.405, and did not appeal. He petitioned for post-conviction relief on July 12, 1990, and filed an amended petition on August 24, 1990. The post-conviction court dismissed the petition as untimely.[1]

■　Petitioner argues that he was excused from filing his petition within 120 days after his conviction was entered in the register. He also argues that, by enacting a limitation period for filing a petition for post-conviction relief, the legislature impermissibly suspended the writ of *habeas corpus.* We decline to address the latter issue because petitioner raises it for the first time on appeal. *See Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 369 n 12, 723 P2d 298 (1986).

■ ■　Petitioner concedes that his petition was not filed timely but argues that its dismissal was inequitable. He argues that he signed the petition and it was notarized within the 120-day limitation period. However, prison authorities failed to file it before the limitation period expired. Petitioner did not allege those facts in his amended petition and presented no evidence in the post-conviction proceeding. Unsworn statements of counsel are no substitute for either pleadings or evidence. *Cf. State v. Sprague,* 25 Or App 621, 631, 550 P2d 769 (1976) (Schwab, J., concurring). An untimely petition must allege facts that, if supported by evidence, would establish that the grounds for relief could not reasonably have been raised timely. The court correctly dismissed the petition.

Affirmed.

---

[1] ORS 138.510(2) provides:

"A petition pursuant to [the Post-Conviction Hearing Act] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register."