Argued and submitted July 26, 1991, affirmed January 15, reconsideration denied February 19, petition for review allowed April 24, 1992 (313 Or 209)

RUSSELL B. BARTZ,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(90-CV-0091-TM; CA A67398)

825 P2d 657

Steven K. Chappell, Bend, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

Buttler, P. J., dissenting.

## DE MUNIZ, J.

Petitioner's petition for post-conviction relief was dismissed on the ground that it was not timely filed. He appeals on two grounds. First, he contends that he was excused from filing his petition within the 120-day limitation period in the Post-Conviction Hearing Act (PCHA). He also contends that imposing a limitation period denies him due process and impermissibly suspends the writ of *habeas corpus*. We affirm.

Petitioner was charged with rape in the first degree and two counts of rape in the third degree. ORS 163.375; ORS 163.355. Pursuant to plea negotiations, he pled guilty to one count of rape in the third degree and was placed on probation. The other two counts were dismissed. He did not appeal. Consequently, his conviction became final when it was entered in the register on September 14, 1989. ORS 138.510(2)(a). One hundred and twenty-five days later, on February 6, 1990, he filed a petition for post-conviction relief, alleging that he was denied due process and effective assistance of counsel, because his trial counsel did not inform him of a potential statutory defense under ORS 163.345 before he pled guilty.

In his petition, he alleged:

"The grounds for relief set forth above *were not reasonably discovered* by Petitioner until January 25, 1990, which was more than 120 days after the date the judgment of conviction was entered in the register." (Emphasis supplied.)

Although the post-conviction court conducted a hearing on the merits of petitioner's claims, it denied relief on the ground that the petition was barred by the Statute of Limitations. ORS 138.510 provides:

"(1)   Except as otherwise provided in [the PCHA], any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to [the act].

"(2)   A petition pursuant to [the PCHA] must be filed within 120 days of the following, *unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:*

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register. * * *" ORS 138.510.[1] (Emphasis supplied.)

Petitioner contends that the exception in ORS 138.510(2) encompasses circumstances, such as his, where he "did not know or reasonably could not have known of the facts or law giving rise to the right for post-conviction relief." Defendant responds that petitioner's failure to make any effort to question the lawfulness of his conviction within the limitation period precludes him from invoking the exception in ORS 138.510(2).

Petitioner testified that his trial counsel failed to advise him of a possible defense available under ORS 163.345.[2] He discovered that potential defense when he consulted a new attorney about an alleged probation violation. He contends that, until then, he "had no reason to question trial counsel's advice or discover the statutory defense that had been available to him." Therefore, he claims that the "grounds for relief asserted [in the petition] could not reasonably have been raised" in a timely petition. We disagree.

■■ Petitioner did not appeal from his judgment of conviction. The PCHA was not intended to provide a second appeal. *Delaney v. Gladden*, 232 Or 306, 308, 374 P2d 746 (1962), *cert den* 372 US 945 (1963); *McClure v. Maass*, 110 Or App 119, 124, 821 P2d 1105 (1991). Once petitioner's conviction became final, the responsibility for investigating the grounds for a collateral attack on his conviction rested solely with him. *McClure v. Maass, supra*, 110 Or App at 124. Petitioner has not alleged, and no evidence was presented at the hearing, that in the 120 days after the entry of his conviction in the register, he was prevented or dissuaded in

---

[1] Until August 5, 1989, ORS 138.510(2) provided that a petition for post-conviction relief could be filed "without limit in time." The new limitation became effective on August 5, 1989. Or Laws 1989, ch 1053, §§ 19, 22.

[2] ORS 163.345 provides:

"In any prosecution under ORS 163.355, ORS 163.365, ORS 163.385 or ORS 163.395 in which the victim's lack of consent was due solely to incapacity to consent by reason of being less than a specified age, it is a defense that the actor was less than three years older than the victim at the time of the alleged offense."

We express no opinion on the merits of petitioner's claim that this defense was applicable in his criminal case.

any way, from examining the issues that he wants to raise now. The trial court correctly concluded that, as a matter of law, petitioner failed to allege or prove that the "grounds for relief asserted * * * could not reasonably have been raised" within 120 days after the entry of judgment.

Next, petitioner contends that, if his case is not within the statutory exception, the 120-day limitation is unconstitutional, because it denies him due process and impermissibly suspends the writ of *habeas corpus*. Defendant responds that the exception in ORS 138.510(2) provides a reasonable safety valve for post-conviction relief and that the 120-day limitation is a permissible procedural limitation.

■      Article I, section 23, of the Oregon Constitution provides:

> "The privilege of the writ of *habeas corpus* shall not be suspended unless in case of rebellion, or invasion the public safety require it."

Petitioner correctly observes that the substance of *habeas corpus* relief is available through the post-conviction process. ORS 138.530(2) provides:

> "Whenever a person petitions for relief under [the PCHA, the act] shall not be construed to deny relief where such relief would have been available prior to [enactment of the PCHA], under the writ of habeas corpus, nor shall it be construed to affect any powers of executive clemency or pardon provided by the law." *See also Atkeson v. Cupp*, 68 Or App 196, 199, 680 P2d 722 (1984).

ORS 138.530(2) indicates a legislative intent not to impose procedural or substantive barriers to post-conviction relief in any case in which *habeas corpus* relief would have been available before PCHA was enacted. However, the amendment of ORS 138.510(2) in 1989, to include a limitation period, evinces a legislative intent to divorce substance from procedure in the PCHA. Ostensibly, ORS 138.510(2) and ORS 138.530(2) conflict. ORS 138.510(2), with its procedural limitation, is the more specific provision. We give effect to the 120-day limitation in ORS 138.510(2), which is the more specific and more recently enacted provision. ORS 174.020; *State v. McDonnell*, 310 Or 98, 112, 794 P2d 780 (1990);

*Anderson v. Heltzel, Pub. Util. Comm.*, 197 Or 23, 27, 251 P2d 482 (1952).

■     In *United States v. Randolph*, 262 F2d 10 (7th Cir 1958), *cert den* 359 US 1004 (1959), a federal *habeas corpus* petitioner was denied relief because he had failed to file a timely petition for post-conviction relief, and therefore, he had not exhausted his state remedies. In holding that that procedural default did not impermissibly infringe on his right to federal *habeas corpus*, the court said:

> "The law is well settled that a state may attach reasonable time limitations on the assertion of federal rights." 262 F2d at 12.

Imposing reasonable time limitations on the assertion of federal rights does not violate the Due Process Clause of the Fourteenth Amendment. *Michel v. Louisiana*, 350 US 91, 97, 76 S Ct 158, 100 L Ed 83 (1955).

Nothing in the Oregon Constitution prohibits the legislature from placing reasonable time limitations on the availability of post-conviction relief. *Delaney v. Gladden*, *supra*. ORS 138.510(2) imposes only procedural conditions on a claim for post-conviction relief. It does not dilute the substance of the PCHA, and, therefore, it does not impermissibly suspend the writ of *habeas corpus*.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Article I, section 23, of the Oregon Constitution[1] allows suspension of the writ of *habeas corpus* only in time of rebellion or invasion. After the Post-Conviction Relief Act, ORS 138.510 to ORS 138.680 (PCHA) was enacted in 1959, relief under that act became

> "the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based. * * * With the exception of habeas corpus, all common law post-conviction remedies, including the motion to correct the record, coram nobis, the motion for relief in the nature of

---

[1] Or Const, Art I, § 23 provides:

"The privilege of the writ of *habeas corpus* shall not be suspended unless in case of rebellion, or invasion the public safety require it." (Emphasis in original.)

coram nobis and the motion to vacate the judgment, are abolished in criminal cases." ORS 138.540(1).

Not only were all common law post-conviction remedies abolished, but ORS 34.330, relating to *habeas corpus* relief, was amended to deny *habeas corpus* relief to any person entitled to post-conviction relief.

In *Atkeson v. Cupp*, 68 Or App 196, 199, 680 P2d 722 *rev den* 297 Or 546 (1984), we held that post-conviction relief supersedes, but does not suspend, the writ of *habeas corpus*, because it provides, in substance, the same relief that was available by a writ of *habeas corpus*. We said that we were not persuaded that following the procedures for post-conviction relief rather than *habeas corpus* "deprives [a petitioner] of any significant practical or legal advantage." We said that our view is supported by ORS 138.530(2), which provides:

> "Whenever a person petitions for relief under [the Post Conviction Relief Act, the Act] shall not be construed to deny relief where such relief would have been available prior to [the Act] under the writ of habeas corpus * * *."

We pointed to legislative commentary indicating that that section was intended "to ensure that post-conviction relief will be as broad as *habeas corpus* relief and thereby avoid constitutional problems." *Atkeson v. Cupp, supra*, 68 Or App at 199.

When PCHA became law, at the time of our decision in *Atkeson* and until the enactment of Or Laws 1989, ch 1053, §§ 19 and 20, on August 5, 1989, there was no time limitation on the filing of a petition for post-conviction relief, as is also true for a writ of *habeas corpus*. Petitioner is among those who could have sought *habeas corpus* relief before the enactment of PCHA. Because he failed to file his petition for post-conviction relief timely, he is not only denied relief under PCHA, but is also foreclosed from seeking a writ of *habeas corpus*. *Billings v. Maass*, 86 Or App 66, 738 P2d 222 (1987). For that reason, the 120-day limitation on the filing of a petition for post-conviction relief deprives petitioner of a "significant practical advantage" that otherwise would have been available to him by a writ of *habeas corpus*; therefore, it effectively suspends the writ as to him and to others similarly situated, in violation of Article I, section 23.

I also disagree with the majority's acceptance of defendant's argument that ORS 138.510(2) provides a "safety valve" to petitioners who fail to file a timely petition. Presumably, the majority believes that that "interpretation" of that subsection takes the edge off of the deprivation of petitioner's right to post-conviction relief. However, the language of the subsection makes the availability of any extraordinary relief expressly contingent on the filing of an original *timely* petition. The majority appears to say that that subsection would have been available to petitioner if he had not failed to appeal from his conviction. However, plaintiff's claim of ineffective assistance of trial counsel could not have been litigated on direct appeal, even if defendant had not pled guilty, which he did.

Accordingly, I dissent.