Argued and submitted January 3, 1991, affirmed February 12, reconsideration denied March 18, petition for review allowed April 24, 1992 (313 Or 209)

ELVIN LARRY REEVE,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
*Respondent.*

(90-C-10150; CA A65481)

825 P2d 652

David B. Kuhns, Salem, argued the cause for appellant. With him on the brief was Todd & Kuhns, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Petitioner seeks review of the dismissal of his petition for post-conviction relief on the ground that it was not timely filed. ORS 138.510(2). We affirm.

He makes essentially four arguments in support of his assignment of error. We have answered the first two against him in *Boone v. Wright*, 110 Or App 281, 822 P2d 719 (1991), and *Bartz v. State of Oregon*, 110 Or App 614, 825 P2d 657 (1992).

■ The third argument is that application of the statute would violate constitutional protections against *ex post facto* legislation. *Ex post facto* laws are prohibited by both the Oregon and the federal constitutions.[1] *Ex post facto* laws punish acts that were legal when they occurred, change the quantum of punishment for previous acts, deprive a defendant of a defense previously available or, in some instances, impose new disabilities for a conviction. *Collins v. Youngblood*, 497 US ___, 110 S Ct 2715, 111 L Ed 2d 30 (1990); *State v. Gallant*, 307 Or 152, 155, 764 P2d 920 (1988); *State v. Burke*, 109 Or 7, 818 P2d 511 (1991), *rev den* 312 Or 589 (1992). Petitioner does not explain how retroactive application of the amendment runs afoul of those prohibitions. The 120-day limitation period does not in any way alter the proof required, the defenses available or the punishment meted out for any crime. We conclude that retroactive application of the amendment does not violate the constitutional prohibitions against *ex post facto* laws.

■ Petitioner's final argument is that, because there is no evidence that he was given actual notice of the change in the time limitation for exercising his rights to post-conviction relief, he has been denied due process of law. There is no right to notice of passage of legislation.

Affirmed.

---

[1] Or Const, Art I, § 21; US Const, Art I, § 9.