Submitted on record and briefs December 19, 1991, reversed and remanded for further proceedings July 8, 1992

## DANIEL LEE FINE,
*Appellant,*

*v.*

## Carl ZENON,
*Respondent.*

## (91C-10112; CA A70371)

834 P2d 509

Jay Edwards, Salem, filed the brief for appellant.

184

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

Buttler, P. J., dissenting.

## De MUNIZ, J.

Petitioner appeals a judgment dismissing his untimely petition for post-conviction relief.[1] Petitioner filed his original petition on January 25, 1991, and an amended petition on April 8, 1991. He concedes that his petition was not timely filed. Defendant concedes that the post-conviction court erred by dismissing the petition without a hearing. Although we are not bound by that concession, we accept it. Accordingly, we reverse and remand.

ORS 138.510(2) provides:

"A petition pursuant to [the Post-Conviction Hearing Act] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a)   If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b)   If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

Because petitioner was not allowed a hearing, the issue is whether his petition

"allege[s] facts that, if supported by evidence, would establish that the grounds for relief could not reasonably have been raised timely." *Morrow v. Maass*, 109 Or App 694, 695, 820 P2d 1374 (1991), *rev den* 312 Or 676 (1992).

We look to the allegations in his amended petition to determine whether it should have been dismissed without a hearing.

Petitioner alleges that he was convicted of robbery in the second degree, ORS 164.405, in a bench trial. He appealed his conviction. On the advice of his appellate lawyer, he moved to dismiss the appeal. We granted the motion on May 23, 1990. On January 16, 1991, his lawyer sent him a letter informing him that we had dismissed the appeal.[2] Until he received that letter, he did not know that we had dismissed his appeal.

---

[1] Post-Conviction Hearing Act, ORS 138.510 to ORS 138.680.

[2] A copy of that letter was attached, as an exhibit, to his amended petition.

■ The 120-day limitation that applies to this petition began to run on the day that we issued our order dismissing the direct appeal. ORS 138.510(2)(b); ORS 138.550(1). Petitioner did not file a petition until eight months later. We must first decide whether his failure to file a timely petition bars him from filing an untimely one. Specifically, we must construe the meaning of the term "subsequent petition" in ORS 138.510(2). In *Boone v. Wright*, 110 Or App 281, 821 P2d 719 (1991), *rev allowed* 313 Or 281 (1992), we recognized that the language of the "escape clause" in the new limitation period[3] is "less than straightforward." 110 Or App at 285. We observed:

> "The language in ORS 138.510(2), read literally, appears to dictate that an untimely petition, whatever its merits, can be considered only if an earlier petition was timely filed." 110 Or App at 285.

*See also Boone v. Wright, supra,* 110 Or App at 292 (Buttler, J., dissenting).

In determining whether a timely petition is a prerequisite for considering an untimely petition, our duty is to ascertain the legislature's intent. ORS 174.020; *State v. Galligan*, 312 Or 35, 39, 816 P2d 601 (1991). When the legislature added the 120-day limitation to the Post-Conviction Hearing Act, it "intended to promote more efficient and cost-effective administration of indigent defense services." Hearing, Senate Judiciary Committee, April 12, 1989 (testimony of R. William Linden, Jr., State Court Administrator). The purpose of the "escape clause" is to ensure "[s]avings without injustice." Tape Recording, House Judiciary Committee, Civil Subcommittee, June 12, 1989, Tape 122, Side A at 1615 (comment by Ross Shepard).

We conclude that a timely petition is not prerequisite to the filing of an untimely petition that raises meritorious issues that could not reasonably have been raised within the 120-day limitation period. If that were the case, prisoners would be encouraged to file timely, but frivolous, petitions, so that they could preserve a forum for untimely petitions. That

---

[3] Until August 5, 1989, ORS 138.510(2) provided that a petition for post-conviction relief could be filed "without limit in time." The new limitation became effective on August 5, 1989. Or Laws 1989, ch 1053, §§ 18, 22.

is an absurd result that would completely undermine the legislature's purpose in enacting the 1989 amendment. "Subsequent petition" means a post-conviction petition that is filed after the expiration of the applicable 120-day limitation period.

■      Defendant concedes that if petitioner's appellate counsel failed to timely notify him that his direct appeal had been dismissed, then he has a legitimate excuse for not timely filing his petition. While his direct appeal was pending, petitioner was precluded from seeking post-conviction relief. ORS 138.550(1). The 120-day limitation period began to run on May 23, 1990, when we dismissed his appeal. Dismissals by the Court of Appeals on motion are not published in the official reports or elsewhere. Petitioner was not on constructive notice that we had granted his motion to dismiss. He was represented by counsel, and it was counsel's duty to keep him abreast of procedural developments. According to his petition, his attorney did not inform him that we had granted his motion until sometime around January 17, 1991, and he filed his petition within a week after that date. If the allegations in his petition are true, then he could not reasonably have raised any grounds for relief within the 120-day period that applied to his petition. The post-conviction court erred by dismissing it without a hearing.

Reversed and remanded for proceedings not inconsistent with this opinion.

**BUTTLER, P. J.,** dissenting.

Although I agree that petitioner's petition should not have been dismissed, I do so because I believe that the newly enacted Statute of Limitations, ORS 138.510(2), is unconstitutional for the reasons stated in my dissent in *Bartz v. State of Oregon,* 110 Or App 614, 619, 825 P2d 657, *rev allowed* 313 Or 209 (1992), not because ORS 138.510(2) provides the "escape" clause theory adopted by the majority.

From the beginning of litigation concerning the new Statute of Limitations, the state has attempted to soften its harsh effects on convicted persons. To avoid the harshness of its contention that the statute applies retroactively, it offered a "grace period" to those persons convicted before the effective date of the statute. Out of thin air, it took the gratuitous,

and gracious, position that it would waive the Statute of Limitations for persons convicted before the effective date, if they filed petitions within 120 days after the Statute of Limitations became effective. A majority of this court accepted that offer in *Boone v. Wright*, 110 Or App 281, 822 P2d 719 (1991), *rev allowed* 313 Or 209 (1992), when it held, that the statute applies retroactively.

The state has also graciously argued consistently that ORS 138.510(2) provides a "safety valve" or "escape clause" for those who file too late, if they allege facts that show that the grounds for relief could not have been raised before the limitation period had run. Previously, we have paid lip service to that "interpretation" of that statute. *See Morrow v. Maass*, 109 Or App 694, 695, 820 P2d 1374 (1991), *rev den* 312 Or 676 (1992). Now, the majority accepts and applies it.

ORS 138.510(2) provides:

"(2) A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

The majority holds: " 'Subsequent petition' means a post-conviction petition that is filed after the expiration of the applicable 120-day limitation period." 114 Or App at 187. It completely ignores the language: "which could not reasonably have been raised in the original or amended petition." Obviously, the statute requires that there have been an "original or amended petition" that was timely. The "subsequent petition" is permitted to raise entirely new grounds for relief only if it alleges grounds that could not reasonably have been raised in the timely petition. That is not this case.

The majority says that, if the statute means what it says, prisoners would be encouraged to file timely, frivolous petitions to reserve a forum for untimely petitions, which it characterizes as an "absurd result." 114 Or App at 186-87.

We did not write the statute; if it is absurd, the legislature can amend it. In any event, we know that, even before there was a time limitation for filing post-conviction petitions, a large number of them were amended after an attorney was appointed, and the vast majority of them have been frivolous in both their original and amended forms. That is beside the point; it is the 1 percent or 2 percent that are meritorious that should concern us. The Post Conviction Relief Act was intended to replace *habeas corpus*; ORS 138.510 effectively destroys that purpose without reviving *habeas corpus* in its former status. *Bartz v. State of Oregon, supra*, 110 Or App at 616 (Buttler, J., dissenting).

If our decisions in *Boone* and *Bartz* are correct, petitioner is out of luck; dismissal was proper. This court's attempts to ameliorate the harshness of the limitation by accepting the state's offer of grace is unfounded in the statute and is inappropriate.

I would reverse and remand for trial.