Argued and submitted February 3, affirmed July 22, 1992

## GREGORY BLAKE SUMNER,
*Appellant,*

*v.*

## Chuck CHOATE,
*Respondent.*

(91-2002; CA A69807)

834 P2d 535

Nancy E. Cook, Myrtle Point, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

Buttler, P. J., dissenting.

## De MUNIZ, J.

Petitioner appeals a judgment that dismissed his petition for post-conviction relief on the ground that his claim was barred by the Statute of Limitations. He raises several constitutional challenges to the 120-day limitation period that applies to the filing of a petition for post-conviction relief. He also contends that he raises issues that he could not reasonably have raised within 120 days after his conviction became final. We affirm.

On April 23, 1990, petitioner pled guilty to a charge of delivery of a controlled substance. ORS 475.992(1). He did not appeal, and his conviction became final when the judgment of conviction was entered in the register on May 29, 1990. ORS 138.510(2)(b). Nearly eight months later, on January 16, 1991, he filed a petition for post-conviction relief. On February 25, 1991, he filed an amended petition. ORS 138.510(2) provides, in part:

> "A petition [for post-conviction relief] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:
>
> "(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register."

We decline to address petitioner's constitutional challenges to the 120-day limitation period, because he raises them for the first time on appeal. *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 369 n 12, 723 P2d 298 (1986); *Morrow v. Maass*, 109 Or App 694, 820 P2d 1374 (1991), *rev den* 312 Or 676 (1992).[1] Accordingly, the sole issue on appeal is whether his amended petition

> "allege[s] facts that, if supported by evidence, would establish that the grounds for relief could not reasonably have been raised timely." *Morrow v. Maass, supra*, 109 Or App at 695.[2]

---

[1] We have upheld the constitutionality of the 120-day limitation period in *Bartz v. State*, 110 Or App 614, 825 P2d 657, *rev allowed* 313 Or 209 (1992), and *Reeve v. Maass*, 111 Or App 213, 825 P2d 652, *rev allowed* 313 Or 209 (1992).

[2] In *Fine v. Zenon*, 114 Or App 183, 834 P2d 509 (1992), we held that a timely petition is not a prerequisite to the filing of an untimely petition that raises issues

Petitioner alleges that he had been charged with "Delivery of a Controlled Substance, Marijuana, as part of a drug cultivation, manufacture or delivery scheme or network." *See* OAR 253-04-002(3), App 4. He claims that his trial attorney was ineffective, because he did not file a demurrer challenging the constitutionality of the "scheme or network" language in the charging instrument. He also claims that his conviction resulted in an illegal sentence, because the "scheme or network" language enhanced his presumptive sentence from probation to a prison term. Petitioner correctly asserts that, in *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991), we held that the "scheme or network" language was impermissibly vague. We did not decide *Moeller* until February 6, 1991. However, the record reveals that petitioner had already contemplated the constitutional infirmity of the "scheme or network" language in the guidelines. On November 9, 1990, he filed a motion to vacate the judgment on the ground that that language is unconstitutionally vague.[3] The petition alleges no facts that would explain why he could not reasonably have asserted his vagueness challenge in a timely fashion and in the correct forum. The trial court correctly dismissed the petition.

Affirmed.

**BUTTLER, P. J.,** dissenting.

I dissent for the reasons stated in my dissent in *Fine v. Zenon*, 114 Or App 183, 187-89, 834 P2d 509 (1992).

---

that could not reasonably have been raised within 120-days after the petitioner's conviction became final.

[3] A petition for post-conviction relief is the exclusive means for collaterally challenging the lawfulness of a conviction. ORS 138.540(1). Petitioner withdrew his 1990 motion shortly before filing his petition for post-conviction relief.