Argued and submitted May 7, the decisions of the Court of Appeals and the judgments of the circuit courts are reversed; cases are remanded to the circuit courts for further proceedings August 20, 1992

DAVID A. BOONE,
*Petitioner on Review,*

*v.*

R. L. WRIGHT,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent on Review.*

(CC CV 89-1059; CA A64820; SC S38940)

ELVIN LARRY REEVE,
*Petitioner on Review,*

*v.*

Manfred MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent on Review.*

(CC 90-C-10150; CA A65481; SC S38975)
(Consolidated for Opinion)

836 P2d 727

Allan L. Gallagher, of Bettis & Associates, P.C., Canby, argued the cause and filed the petition for petitioner on review Boone. With him on the petition was Wade P. Bettis, Jr., LaGrande.

David B. Kuhns, Salem, argued the cause and filed the petition for petitioner on review Reeve.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondents on review.

GRABER, J.

## GRABER, J.

■ Before 1989, the Post-Conviction Hearing Act (PCHA), ORS 138.510 to 138.680, imposed no time limit for persons convicted of crimes to file petitions for post-conviction relief. ORS 138.510(2) (1987) provided that petitions for post-conviction relief "may be filed without limit in time." In 1989, the legislature amended ORS 138.510(2) to add a 120-day statute of limitations for filing petitions for post-conviction relief:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

That amendment became effective on August 5, 1989. Or Laws 1989, ch 1053, §§ 18 and 22. The issue in these cases[1] is whether the limitation period prescribed in the 1989 amendment applies to petitions filed by persons whose convictions and appeals became final before the effective date of the amendment. We conclude that it does not.

Both petitioners filed petitions for post-conviction relief more than 120 days after their convictions and appeals became final and also more than 120 days after the amendment to ORS 138.510(2) became effective. Defendants moved to dismiss both petitions on the ground that they were not timely filed under ORS 138.510(2). The post-conviction court granted both motions and dismissed the petitions, and petitioners appealed. The Court of Appeals, *in banc*, affirmed the dismissals. *Reeve v. Maass*, 111 Or App 213, 825 P2d 652 (1992); *Boone v. Wright*, 110 Or App 281, 822 P2d 719 (1992). We reverse.

Petitioners contend that the legislature did not express an intent to apply the limitations period to petitions

---

[1] We have consolidated these two cases for the purpose of opinion, because they present the same issue of statutory construction.

filed by persons whose convictions and appeals became final before August 5, 1989, and that, in the absence of such an express legislative intent, courts construe statutes of limitation to be prospective only. Defendants contend that the legislature did intend the limitations period to apply to such petitions, because the statute applies by its terms to all petitions filed, and the legislature did not exempt petitioners whose convictions and appeals became final before the effective date of the amendment.

In interpreting ORS 138.510(2), our task is to discern the intent of the legislature. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). We begin with the text and context of the statute. ORS 174.010; *Porter v. Hill*, 314 Or 86, 838 P2d 45 (1992). Other sections of the same statute are part of that context. *See Porter v. Hill, supra* (illustrating principle); *Kankkonen v. Hendrickson*, 232 Or 49, 67, 374 P2d 393 (1962) (in construing a statute, effect should be given to every word, phrase, sentence, and section; where there is a conflict between provisions of the statute, it is the court's duty to harmonize them if possible).

It is not possible to discern from the words of the 1989 amendment whether the legislature intended the 120-day limitation period to apply to petitions filed by persons whose convictions and appeals became final before August 5, 1989. ORS 138.510(2) is silent on the question.

The context of the statute is helpful, but not definitive. We find it significant that the legislature did express an intent to have a statute apply retroactively in another section of the PCHA. The legislature first enacted the PCHA in 1959. Or Laws 1959, ch 636. The 1959 Act expressly provided that it was to apply to persons convicted before 1959:

"The remedy created by ORS 138.510 to 138.680 is available to persons convicted before May 26, 1959." ORS 138.510(3).

That the 1989 legislature did not include a similar provision in ORS 138.510(2) suggests that the legislature either did not intend a similar application of the new limitation period or, at least, did not consider the issue.

Because the text and context of the statute do not make the legislature's intention clear, we turn to additional

aids to construction. We found no legislative history bearing on the present question.

■      We next utilize pertinent maxims of statutory construction. In *Whipple v. Howser*, 291 Or 475, 481, 632 P2d 782 (1981), this court observed that it is sometimes impossible to discern from the statute itself whether the legislature intends it to apply retroactively. *Id.* at 481. Consequently, courts have developed maxims of statutory construction to aid them in determining probable legislative intent when the statute does not clearly express that intent. *Ibid.*; *see also Joseph v. Lowery*, 261 Or 545, 552, 495 P2d 273 (1972) ("Legal rules relating to retroactive and prospective application of statutes are merely rules of construction by which the court attempts to ascertain the probable legislative intent."). The general rule expressed in this court's cases is that a statute that shortens a limitation period applies prospectively if the legislature does not express a contrary intent. *Reynolds Metals Co. v. State Tax Comm.*, 245 Or 156, 160-61, 421 P2d 379 (1966); *Fullerton v. Lamm*, 177 Or 655, 665, 163 P2d 941, 165 P2d 63 (1945); *Pitman v. Bump*, 5 Or 17, 21 (1873).

*Pitman v. Bump, supra*, was quite similar to the cases at hand. There, the plaintiff's cause of action accrued in March 1870. At that time, the applicable statute of limitations was six years. In October 1870, the legislature amended the statute to shorten the limitation period to two years. The plaintiff sued the defendant in 1873, which was within the former statute's six-year limitation period, but not within the limitation period allowed in the later statute. The court held that the plaintiff's claim was not barred, because the later, shorter limitations period did not apply retroactively. The court wrote:

"The amendment makes but one rule for ascertaining when the period is to commence, and it makes no provision for a period to commence at the passage of the act; the time when the 'cause of action shall have accrued' is the only point at which the period can commence, and it would be disregarding the statute, rather than construing it, to make the period of two years commence at the passage of the amendment, without regard to the time when the cause of action accrued.

"If any reasonable construction would exclude from the effect of the amendment all cases in which fully two years had then run, and yet include some other cases in which the

cause of action had already arisen, we find no rule for determining which of the latter cases should be included, or for discriminating between causes of action that accrued nearly two years before the passage of the act, and those that accrued a month or even a day previous. The computation commencing in all cases at the time that the cause of action accrued, it might include cases that would become barred in a week or a day after the passage of the act. As a general rule such construction is not favored, and courts have refused to give a retroactive effect to statutes of this kind, unless that intention is so clear and positive as by no possibility to admit of any other construction." 5 Or at 21.

Similarly, here, the legislature has not provided any time to file petitions for petitioners whose convictions and appeals became final before the effective date of the amendment.

In *Fullerton v. Lamm, supra*, 177 Or at 665, this court reiteratèd that "[s]tatutes of limitation are ordinarily construed to be only prospective in their operation, but, when a contrary intention of the legislature is manifested, that intention will be given effect." In that case, the legislature did express a contrary intention. The new statute expressly applied to all actions "accrued or accruing" and contained the following clause: "provided, that an action may be maintained within a period of 90 days after the effective date of this act on claims heretofore accrued." *Id.* at 660 (quoting Or Laws 1943, ch 265, § 1). That statute expressly addressed retroactivity by providing that it applied to all actions "accrued or accruing." It also made provision for those whose causes of action would be cut off immediately by the new limitations period. By contrast, the 1989 amendment to ORS 138.510(2) did neither.

The court in *Reynolds Metals Co. v. State Tax Comm., supra*, 245 Or at 160-61, again stated the general rule. In that case, the court then applied the statute of limitations prospectively, because there was no clear intention expressed that the statute be applied retroactively. *Id.* at 162. Likewise, in ORS 138.510(2), there is no clear intention expressed that the statute be applied to petitions filed by persons whose convictions and appeals became final before August 5, 1989.

Those cases demonstrate that Oregon has followed this well-recognized rule for over a century: A statute that shortens a limitation period applies prospectively if the legislature does not clearly express a contrary intent. *See also* 2 Sutherland, Statutory Construction 396, § 41.09 (4th ed 1986) (stating the same rule). Defendants contend that this court "called that rule into question" in *Nichols v. Wilbur*, 256 Or 418, 473 P2d 1022 (1970). We do not read *Nichols* the way that defendants do.

In *Nichols*, a wrongful death cause of action accrued in January 1967. At that time, the statute of limitations was two years. In September 1967, the legislature amended the statute to extend the period to three years. The plaintiff filed the action in May 1969, which was too late under the prior statute, but timely under the new statute. Finding no Oregon case on point, this court quoted the following passage from a California opinion:

> " 'Before the action is barred by the statute, the legislature has absolute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prosecution of an action or proceedings after the passage of an amendment shortening the period. It is equally well settled that an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation, and does not impair any vested right.' " *Id.* at 419-20 (quoting *Davis & McMillan v. Industrial Accident Commission*, 198 Cal 631, 246 P 1046, 1047-48 (1926)).

The *Nichols* court then held that the amendment applied and that the plaintiff's action was not barred. *Id.* at 420.

Nothing in the passage just quoted calls into question the general rule described above. *Nichols* did not concern the application of a *shortened* limitations period. Instead, it concerned whether a statute that *extended* the limitations period should apply. The only statement germane to this case is the unremarkable proposition that the legislature has the power to shorten a statute of limitation if the legislature provides a reasonable time after its effective date to file a previously accrued action. *Id.* at 419-20; *see also Evans v. Finley*, 166 Or 227, 233-34, 111 P2d 833 (1941) (stating same

proposition). That principle does not contradict anything in this court's other cases.

Applying the general rule to this case, we conclude that the 120-day limitation in ORS 138.510(2) does not apply to petitions filed by persons whose convictions and appeals became final before August 5, 1989, because the legislature did not manifest an intent to apply the shortened limitation period to such petitions. Accordingly, the post-conviction court erred in dismissing the petitions, and the Court of Appeals erred in affirming the dismissals.[2]

Defendants ask us to avoid that result by reading into the statute a "grace period" for petitions filed by persons whose convictions and appeals became final before the effective date of the amendment. Defendants would have us construe the statute to allow petitioners, and others similarly situated, to file petitions within 120 days from the effective date of the amendment. The Court of Appeals read that grace period into the statute. *Boone v. Wright, supra*, 110 Or App at 286-87. We decline to do that. The statute provides that the 120-day period commences on the date on which the conviction was entered or the appeal became final. ORS 138.510(2)(a) and (b). The legislature could easily have provided a third date from which to calculate the 120-day period, such as the effective date of the amendment for convictions and appeals that became final before the effective date. The legislature did not do so, however. For us now to read in a third date would be to disregard the legislatively mandated rule of construction that courts ascertain only what is contained in a statute and refrain from inserting what is not. ORS 174.010.

The decisions of the Court of Appeals and the judgments of the circuit courts are reversed. The cases are remanded to the circuit courts for further proceedings.

---

[2] Because we conclude that the 120-day period does not apply, we need not consider petitioner Reeve's argument that applying the 120-day period to his petition violates his constitutional rights under the Oregon and United States Constitutions.