Argued and submitted July 11, 1994, reversed and remanded in part; otherwise affirmed February 1, 1995

MICHAEL OWEN KEERINS,
*Petitioner,*

*v.*

Robert SCHIEDLER,
Superintendent,
Santiam Correctional Institution,
*Respondent.*

(92C-11725; CA A81039)

889 P2d 385

David W. Knofler argued the cause and filed the brief for petitioner.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner appeals a judgment dismissing his petition for post-conviction relief. The dismissal followed the granting of defendant's serial motions for partial summary judgment. We reverse and remand.

■       In his first assignment of error, petitioner contends that the post-conviction court erred in concluding that some of his claims for relief were time-barred. Petitioner concedes that he did not file his petition within the applicable 120-day limitation period. ORS 138.510(2).[1] He argues, however, that his delay in filing is excused under ORS 138.510(2)(a), which provides that when a defendant does not appeal from a judgment of conviction, a petition for post-conviction relief must be filed within 120 days of the date of entry of the judgment

> "unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition[.]"

In this case, petitioner's judgment of conviction was entered on March 24, 1992. No appeal was taken. On September 8, 1993, petitioner filed *pro se* a petition for post-conviction relief in which he explained that the late filing was "a result of trial counsel advising that petitioner's case was still pending and not finally disposed of." Thereafter, with the assistance of counsel, he filed a formal petition and then an amended petition, neither of which repeated that allegation. However, following defendant's motion for partial summary judgment on some of the claims, petitioner filed a second amended petition in which he alleged that the initial filing was delayed because he "had directed his trial attorney * * * to file an appeal" and he did not learn that his attorney had not done so until after the limitations period had run. Petitioner then argued that his petition was timely under the exception to the limitation period. ORS 138.510(2)(a). He claimed that because he believed that his appeal was pending, he could not reasonably have raised the disputed post-conviction claims within 120 days of his conviction. ORS

---

[1] ORS 138.510(2) has since been amended to increase the limitations period to two years. Or Laws 1993, ch 517, § 1. However, that amendment is not applicable in this case.

138.550(1). The trial court granted defendant's motion on the ground that the action for relief based on the specified claims was untimely. The court also granted defendant's other motion for partial summary judgment, thus disposing of all of petitioner's claims and grounds for relief. The action was then dismissed.

Petitioner argues that this case is controlled by our decision in *Fine v. Zenon*, 114 Or App 183, 834 P2d 509 (1992). In that case, the petitioner alleged that he could not reasonably have filed a timely petition, because his attorney did not advise him until after the 120-day limitation period that his appeal had been dismissed. We concluded that the facts alleged in the petition were sufficient to trigger the statutory exception. We reasoned that it was the petitioner's counsel's duty to keep the petitioner informed as to the status of his case, and that the petitioner could not reasonably have learned of the dismissal through any other source. In this case, petitioner contends that his attorney's failure to inform him that an appeal had not been initiated is analogous to Fine's attorney's failure to report that an appeal had been terminated.

Defendant concedes that "*Fine* supports petitioner's argument on appeal"; however, it contends that that analysis has been superseded by the Supreme Court's decision in *Bartz v. State of Oregon*, 314 Or 353, 358, 839 P2d 217 (1992). According to defendant, the court in *Bartz* limited the application of ORS 138.510(2) to those cases in which the facts underlying the claim for relief are unknown or unavailable to the petitioner within the 120-day period; not to cases in which the grounds for relief *could* have been raised in a timely petition but, for reasons personal to the petitioner, were not.

However, in *Brown v. Baldwin*, 131 Or App 356, 885 P2d 707 (1994), *rev den* 320 Or 507 (1995), we rejected the same argument that defendant is making here. In *Brown*, the petitioner alleged that because he had relied on his attorney's advice to wait three years before filing a petition for post-conviction relief, his otherwise untimely petition was excused under the escape clause. The defendant responded that although *Fine v. Zenon, supra*, might support the petitioner's position, that decision was implicitly overruled by *Bartz v. State of Oregon, supra*, in which the court adopted a narrower

construction of ORS 138.510(2). We disagreed, finding no inconsistency between *Fine* and *Bartz*:

> "Although the petitioners in both cases blamed their tardiness on their attorney's failure to apprise them of some vital fact, the information at issue in *Bartz* [a possible statutory defense] was published and made available to the public by ordinary means. In *Fine*, it was not." *Brown v. Baldwin, supra*, 131 Or App at 360.[2]

In the light of our decision in *Brown v. Baldwin, supra*, we conclude that the court here erred in dismissing as untimely petitioner's claim for post-conviction relief. If petitioner's allegations are true, then his attorney had a duty to inform him about the status of his appeal. Information as to whether a case is pending before the Court of Appeals is no more readily available to the public than is information regarding the dismissal of an appeal. *See Fine v. Zenon, supra*. Accordingly, we remand to the post-conviction court for a hearing on the truth of petitioner's allegations.

■ Petitioner also assigns error to the granting of defendant's second motion for partial summary judgment, regarding petitioner's claim that the underlying indictment was void. Petitioner alleged that because one of the grand jurors was absent when the indictment was returned, the indictment is void as violative of Article VII (amended), section 5(2), of the Oregon Constitution.[3] That claim fails to allege a basis for post-conviction relief, *Goodwin v. State of Oregon*, 125 Or App 359, 866 P2d 466 (1993), *rev den* 319 Or 80 (1994), and the post-conviction court did not err in granting defendant's motion.

Reversed and remanded on claims dismissed as untimely; otherwise affirmed.

---

[2] Although we held in *Brown* that *Fine* was still good law, we also held that *Fine* was factually distinguishable from the case before us. We concluded that the escape clause of ORS 138.510(2)(a) did not apply to the petitioner, because the information at issue, the applicable limitations period, was embodied in the statutes that were published and reasonably available to him. *Brown v. Baldwin, supra*, 131 Or App at 360-61.

[3] That provision requires that a grand jury "consist of seven jurors chosen by lot from the whole number of jurors in attendance at the court, five of whom must concur to find an indictment."