Submitted September 20, affirmed November 17, 2010, petition for review denied February 17, 2011 (349 Or 654)

ERNEST W. STAHLMAN,
*Petitioner-Appellant,*

*v.*

Don MILLS,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV081229; A140450

243 P3d 786

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Petitioner appeals from a judgment dismissing his post-conviction action as untimely under ORS 138.510(3). Petitioner agues that his criminal appellate counsel provided constitutionally inadequate assistance to him by failing to object to the use of an unqualifying conviction to support the imposition of a determinate sentence on his conviction for first-degree kidnapping. Petitioner also argues that, even though he did not file this action within the two-year statutory limitation period after his kidnapping conviction became final, he is entitled to the benefit of the escape clause of ORS 138.510(3) on the ground that he could not reasonably have asserted his claim within the two-year period. We affirm.

In October 1995, petitioner was convicted of first-degree robbery. In December 1995, petitioner was convicted of the first-degree kidnapping charge that is at issue in this post-conviction relief proceeding. In sentencing petitioner on the kidnapping charge, the court relied on the robbery conviction to support the imposition of a sentence of 116 months' imprisonment under ORS 137.635.[1] Petitioner timely appealed his conviction, and in October 1996, this court affirmed petitioner's conviction without opinion. *State v.*

---

[1] ORS 137.635 provides, in part:

"(1)  When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121.

"(2)  Felonies to which subsection (1) of this section applies include and are limited to:

"* * * * *

"(j)  Robbery in the first degree, as defined in ORS 164.415."

*Stahlman,* 144 Or App 194, 924 P2d 878 (1996). The appellate judgment was entered on December 18, 1996.

On August 11, 2008, petitioner filed this action for post-conviction relief. In his petition, petitioner alleged that his criminal appellate counsel provided inadequate assistance by failing to assign error to the sentencing court's reliance on the robbery conviction on the ground that, under this court's decision in *State v. Allison,* 143 Or App 241, 923 P2d 1224, *rev den,* 324 Or 487 (1996), the robbery conviction was not a qualifying prior conviction because petitioner committed the kidnapping offense before he was convicted of the robbery.[2] After petitioner filed his petition, the post-conviction court issued an order requiring petitioner to show cause why the action should not be dismissed as untimely because it was filed more than two years after petitioner's underlying convictions became final. Petitioner argued that, from his sentencing in December 1995 until December 3, 2007, he was incarcerated in federal correctional institutions outside Oregon and had no access to Oregon statutes or case law in those facilities; it follows, petitioner asserted, that he could not reasonably have brought his claims in this case until after December 3, 2007. The post-conviction court rejected petitioner's argument and dismissed the action. This appeal followed.

ORS 138.510 provides, in part:

"(3) A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"* * * * *

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

According to petitioner, the post-conviction court erred in dismissing the action because, under the statutory escape clause, he could not reasonably have raised his claims under

---

[2] Petitioner also alleged that the sentencing court erred in imposing the determinate sentence.

*Allison* until after his discharge from federal custody. As petitioner sees things, because he allegedly lacked access to pertinent legal research materials relating to Oregon law while he was in federal custody outside Oregon, he was unable to ascertain that his determinate sentence was unlawful during that period.

Judicial construction of ORS 138.510(3) has emphasized that the availability of information forming the grounds for post-conviction relief is the statute's focus. The seminal decision is *Bartz v. State of Oregon*, 314 Or 353, 359, 839 P2d 217 (1992). In that case, the petitioner filed a late petition for post-conviction relief, but claimed the benefit of the escape clause of ORS 138.510(3) because his lawyer had previously failed to tell him about a possible statutory defense to the charge. The Supreme Court reviewed the text and legislative history of the escape clause in some detail and from that analysis concluded that the escape clause "is meant to be construed narrowly" to apply only to "information that did not exist or was not reasonably available" to a post-conviction petitioner. *Bartz*, 314 Or at 359. The information about the statutory defenses to the petitioner's charges, the court held, had always been available to him, regardless of whether the petitioner actually was aware of the information. *Id.* at 360. Accordingly, the court concluded, the escape clause did not apply. *Id.*

In contrast, in *Keerins v. Schiedler*, 132 Or App 560, 562-64, 889 P2d 385 (1995), we held that the escape clause did apply. In that case, the post-conviction petitioner failed to timely file a petition because his lawyer told him that it was not yet time to file the petition because the case was still pending before this court, and judgment had not yet been entered. We held that the status of an appeal was not the sort of information that was reasonably available to the petitioner. *Id.* at 564.

With that background, we turn to the circumstances here. In order to assert a claim under *Allison*, petitioner needed (1) to know that the sentencing court imposed a sentence under ORS 137.635 and (2) a copy of the statute and this court's decision in *Allison*, which was issued in August 1996. With respect to the first issue, petitioner has not

alleged that he did not timely receive a copy of the judgment of conviction in the underlying case. That judgment stated, as required by ORS 137.635(3), that petitioner's determinate sentence "[w]as imposed under ORS 137.635."

With respect to the pertinent legal materials, petitioner alleged in his petition that

"[he] personally entered the law libraries at all of the facilities [he] was located at. None of them had Oregon legal materials, in book or computer form. [He] did attempt to research Oregon statutes and case law while [he] was in federal custody. Through this [ ] effort [he] learned it was not possible."

Petitioner did not allege, however, that he sought to solicit Oregon legal materials from outside sources while he was incarcerated in federal prison. Under applicable federal regulations, petitioner had the right to solicit legal materials from sources outside federal correctional facilities. During the period of petitioner's federal imprisonment, 28 CFR section 543.11 provided, in part:

"(a)   The Warden shall make materials in the inmate law library available whenever practical, including evening and weekend hours. The Warden shall allow an inmate a reasonable amount of time, ordinarily during the inmate's leisure time (that is, when the inmate is not participating in a scheduled program or work assignment), to do legal research and to prepare legal documents. Where practical, the Warden shall allow preparation of documents in living quarters during an inmate's leisure time.

"* * * * *

"(d)   An inmate's legal materials include but are not limited to the inmate's pleadings and documents (such as a presentence report) that have been filed in court or with another judicial or administrative body, drafts of pleadings to be submitted by the inmate to a court or with other judicial or administrative body which contain the inmate's name and/or case caption prominently displayed on the first page, documents pertaining to an inmate's administrative case, photocopies of legal reference materials, and legal reference materials which are not available in the institution main law library (or basic law library in a satellite camp).

"(1) An inmate may solicit or purchase legal materials from outside the institution. The inmate may receive the legal materials in accordance with the provisions on incoming publications or correspondence (see 28 CFR part 540, subparts B and F) or through an authorized attorney visit from a retained attorney. The legal materials are subject to inspection and may be read or copied unless they are received through an authorized attorney visit from a retained attorney or are properly sent as special mail (for example, mail from a court or from an attorney), in which case they may be inspected for contraband or for the purpose of verifying that the mail qualifies as special mail."

Similarly, OAR 291-139-035(6) (1991), which was in effect during petitioner's term of federal imprisonment, provided:

"Oregon inmates in out-of-state facilities (state and federal) may access Oregon legal research materials and assistance from assigned inmate legal assistants through correspondence directed to a law librarian of an Oregon correctional facility. Requests for law library services from Oregon inmates in out-of-state facilities will be processed with reasonable diligence."

In short, under applicable federal rules, petitioner reasonably could have obtained copies of ORS 137.635 and the *Allison* decision. However, petitioner did not allege in his submissions to the post-conviction court that he made any effort to obtain access to the materials through those administrative procedures. The fact that petitioner undertook some effort to locate Oregon legal materials does not establish that the materials were not reasonably available to him. In that regard, this court's decision in *Brown v. Baldwin*, 131 Or App 356, 360, 885 P2d 707 (1994), *rev den*, 320 Or 507 (1995), is instructive. In *Brown*, the post-conviction petitioner filed a late petition, but argued that the delay was reasonable because his attorney had incorrectly told him to wait three years before filing the petition, and his reliance on that advice was reasonable. We concluded that the case was controlled by *Bartz*. "[A]s in *Bartz*, the information [the petitioner] lacked was embodied in statutes that were published and made available to the public by ordinary means. Those statutes were 'reasonably available' to petitioner." 131 Or App at 360-61. The reasonableness of the petitioner's reliance

on the advice of his lawyer, we said, "is irrelevant to the *Bartz* analysis. *Bartz* makes it clear that the applicability of the escape clause turns on whether the information *existed or was reasonably available to the petitioner*, and not on whether the petitioner's failure to seek the information was reasonable." *Id.* at 361 (emphasis in original).

So, too, here. Because the legal materials necessary to support petitioner's post-conviction claims were reasonably available to him during the two-year limitation period under ORS 137.635, the post-conviction court did not err in dismissing this action as untimely.

Affirmed.