Argued and submitted January 14, affirmed September 29, 2010, petition for review denied January 14, 2011 (349 Or 601)

WILLIAM JOSHUA FISHER,
*Petitioner-Appellant,*

*v.*

Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
06C11464; A137305

240 P3d 745

Andrew S. Chilton argued the cause for appellant. With him on the brief was Chilton, Ebbett & Galli, LLC. William Joshua Fisher filed the supplemental brief *pro se.*

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The post-conviction court dismissed petitioner's petition for post-conviction relief because it was not filed within the two-year period of limitation provided by ORS 138.510(3). Petitioner contends that his untimely petition should be excused under the exception of ORS 138.510(3) for a "ground[ ] for relief asserted which could not reasonably have been raised," because he suffered from mental disorders that prevented him from timely filing his petition. We conclude that petitioner's mental disorders do not trigger the exception to the two-year limitation of ORS 138.510(3) and affirm the post-conviction court's dismissal of the petition.

The relevant facts are uncontested. In 1995, petitioner was charged with five counts of aggravated murder, three counts of first-degree kidnapping, and one count of third-degree assault. Before trial, he moved to suppress certain evidence, but the trial court denied the motion. After a bench trial on stipulated facts, he was found guilty. He appealed. He argued that, among other things, the convictions should be reversed because the trial court erred in denying the motion to suppress. We affirmed without opinion, and the Supreme Court denied his petition for review. *State v. Fisher*, 143 Or App 629, 924 P2d 877 (1996), *rev den*, 325 Or 368 (1997). The appellate judgment issued on July 10, 1997.

Nine years later, in 2006, petitioner filed a petition for post-conviction relief, alleging that his trial counsel and appellate counsel had provided constitutionally inadequate assistance. Petitioner alleged that his criminal trial counsel, in agreeing to a trial on stipulated facts, failed to preserve certain grounds for appealing the conviction; that counsel permitted petitioner to waive his right to a jury trial under circumstances that were not knowing, voluntary, or intelligent; and that counsel failed to argue that the evidence did not support petitioner's convictions for kidnapping and aggravated murder. Petitioner further contended that his appellate counsel was inadequate in failing to argue that the trial court's ruling denying petitioner's motion to suppress was reviewable notwithstanding a stipulation of facts and that an inability of the appellate court to review the trial

court's ruling on the motion to suppress was due to faulty preservation by petitioner's trial counsel and constituted a potential ground for post-conviction relief.

Petitioner acknowledged that his petition was not filed within the two-year limitation period of ORS 138.510(3), but alleged that the untimely filing was excused because, during the two years following the appellate judgment, he suffered from clinical depression, dysthymic disorder, and post-traumatic stress disorder. Petitioner alleged that, as a result of those mental disorders, his post-conviction claims fall within the scope of what is known as the "escape clause" of the statute, which applies when the grounds for post-conviction relief "could not reasonably have been raised" within the two-year limitation period. ORS 138.510(3).

Defendant moved for summary judgment on the ground that the petition had been untimely filed. The post-conviction court granted the motion, explaining that "ORS 138.510(3) does not set forth mental disease or defect as a grounds for tolling the limitations period." The court dismissed the petition and entered judgment for defendant.

On appeal, petitioner renews his argument that his post-conviction claims were properly before the court because, as a result of his mental illness, he could not reasonably have raised them in a timely manner. He also argues, for the first time, that the Due Process Clause of the United States Constitution "equitably tolled" the two-year limitation period or, in the alternative, that ORS 138.510(3) violates petitioner's privileges and immunities protections under Article I, section 20, of the Oregon Constitution and his right to equal protection under the Fourteenth Amendment to the federal constitution.

Defendant responds that the proper focus in determining whether the escape clause should apply is whether the grounds for relief alleged in the petition for post-conviction relief were reasonably available within the time limit, not whether a petitioner is able to offer an excuse for not acting on such information. As for the balance of petitioner's arguments, defendant contends that none is preserved and, in any event, none has merit.

■ ORS 138.510(3) sets forth the statute of limitations for claims under the Post-Conviction Hearing Act (PCHA), and provides, in part:

> "A petition pursuant to [the PCHA] must be filed within two years of the following, *unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised* in the original or amended petition:
>
> "* * * * *
>
> "(b)   If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

(Emphasis added.) In this case, there is no debate that petitioner's petition was filed well after the limitation period of two years from the entry of the appellate judgment. The question is whether his mental illness triggers the escape clause that is emphasized in the foregoing quotation.

As a matter of textual analysis, petitioner's argument is difficult to maintain. The focus of the escape clause is *ground for relief* that could not have been raised. Had the legislature intended to include petitioner's ability to take advantage of those grounds for relief, it easily could have said that the two-year period of limitation is tolled when "*petitioner* could not reasonably have raised" certain grounds within that time. It did not do so. Indeed, the legislature did enact a statute that tolls specified statutes of limitation because of an individual's mental or legal incapacity. ORS 12.160. That statute, however, does not apply to actions subject to the two-year limitation period of ORS 138.510(3).

Consistently with what the wording of the statute seems to suggest, judicial construction of ORS 138.510(3) has emphasized that the availability of information forming the grounds for post-conviction relief is the statute's focus. The seminal decision is *Bartz v. State of Oregon*, 314 Or 353, 359, 839 P2d 217 (1992). In that case, the petitioner filed a late petition for post-conviction relief, but claimed the benefit of the escape clause of ORS 138.510(3) because his lawyer had previously failed to tell him about a possible statutory defense to the charge. The Supreme Court reviewed the text and legislative history of the escape clause in some detail and

from that analysis concluded that the escape clause "is meant to be construed narrowly" to apply only to "information that did not exist or was not reasonably available" to a post-conviction petitioner. *Id.* at 359. The information about the statutory defenses to the petitioner's charges, the court held, had always been available to him, regardless of whether the petitioner actually was aware of the information. *Id.* at 360. Accordingly, the court concluded, the escape clause did not apply. *Id.*

In *Brown v. Baldwin*, 131 Or App 356, 360, 885 P2d 707 (1994), *rev den*, 320 Or 507 (1995), the post-conviction petitioner filed a late petition, but argued that the delay was reasonable because his attorney had incorrectly told him to wait three years before filing the petition, and his reliance on that advice was reasonable. We concluded that the case was controlled by *Bartz*: "[A]s in *Bartz*, the information [the petitioner] lacked was embodied in statutes that were published and made available to the public by ordinary means. Those statutes were 'reasonably available' to petitioner." 131 Or App at 360-61. The reasonableness of the petitioner's reliance on the advice of his lawyer, we said, "is irrelevant to the *Bartz* analysis. *Bartz* makes it clear that the applicability of the escape clause turns on whether the information *existed or was reasonably available to the petitioner*, and not on whether the petitioner's failure to seek the information was reasonable." *Id.* (emphasis in original).

In contrast, in *Keerins v. Schiedler*, 132 Or App 560, 562-64, 889 P2d 385 (1995), we held that the escape clause did apply. In that case, the post-conviction petitioner failed to file a timely petition because his lawyer told him that it was not yet time to file the petition because the case was still pending before the Court of Appeals and judgment had not yet been entered. The status of an appeal is not the sort of information that was reasonably available to the petitioner, we held. *Id.* at 564.

In this case, there is no contention that any of the grounds for relief alleged in the petition is based on information that did not exist or that was not reasonably available to petitioner within the two years following the entry of the appellate judgment. Petitioner's only contention is that his

mental illness rendered him incapable of appreciating the significance of the information that was plainly available during that time. In other words, petitioner contends that, although the information existed and was available, his failure to act on it was reasonable in light of his mental condition.

*Bartz* and the subsequent case law, however, make clear that the reasonableness of a petitioner's failure to act on information that is available is simply not enough to trigger the escape clause of ORS 138.510(3). In fact, it is "irrelevant." *Brown*, 131 Or App at 361. Accordingly, we must conclude in this case that petitioner's mental condition did not trigger the escape clause and that the post-conviction court did not err in dismissing the petition as untimely.

We reject as unpreserved petitioner's contention that, in light of evidence that petitioner was suffering from a mental disorder, federal due process required the post-conviction court to make a determination as to his competency in evaluating whether he could have been expected to have understood and asserted his right to post-conviction relief in the two years following the appellate judgment. We further reject as unpreserved petitioner's contentions that ORS 138.510(3) violates his right to equal privileges and immunities under Article I, section 20, of the Oregon Constitution and equal protection under the Fourteenth Amendment to the United States Constitution.

Affirmed.