Submitted March 30, affirmed June 8, petition for review denied November 3, 2022 (370 Or 455)

RICHARD R. APONTE,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV41053; A175010

512 P3d 868

In this post-conviction proceeding, petitioner appeals a judgment dismissing his claim of inadequate assistance of counsel—a claim asserted in a successive petition filed 13 years after petitioner's criminal conviction. The post-conviction court dismissed the petition as untimely and successive after concluding that the claim did not come within the escape clauses in ORS 138.510(3) and ORS 138.550(3). Petitioner argues that the court erred, because, due to an intellectual disability, he could not reasonably have raised the claim earlier. *Held*: The post-conviction court did not err in dismissing petitioner's claim as untimely and successive and not coming within the escape clauses. Petitioner was represented by counsel in prior post-conviction proceedings. As such, under existing case law, including *Perez v. Cain*, 367 Or 96, 113, 473 P3d 540 (2020), in determining whether the claim reasonably could have been raised earlier, the court must view the matter from the perspective of counsel, not from the perspective of an unrepresented person. It follows that petitioner's personal characteristics are immaterial. Here, petitioner does not argue that counsel could not reasonably have raised the current claim in a prior proceeding, nor could he successfully make that argument on this record.

Affirmed.

Eric L. Dahlin, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

Tookey, J., specially concurring.

**AOYAGI, J.**

In this post-conviction proceeding, petitioner appeals a judgment dismissing his claim of inadequate assistance of counsel—a claim asserted in a successive petition filed 13 years after petitioner's criminal conviction. The post-conviction court dismissed the petition as untimely and successive after concluding that the claim did not come within the escape clauses in ORS 138.510(3) and ORS 138.550(3). Petitioner argues that the court erred, because, due to an intellectual disability, he could not reasonably have raised the claim earlier. For the following reasons, we affirm.

## FACTS

In 2006, while serving a life sentence without parole in Florida, petitioner confessed to a cold-case murder in Oregon. He pleaded no-contest to one count of aggravated murder, was convicted of that crime, and was sentenced to life in prison without the possibility of parole (with his Oregon sentence to run consecutively to his Florida sentence). In 2007, petitioner, who was represented by counsel, petitioned for post-conviction relief, alleging, among other things, that his trial counsel had provided constitutionally inadequate assistance by failing to have petitioner evaluated for mental competence. That post-conviction petition was denied. A second post-conviction petition filed in 2016 also was denied.

In 2019, petitioner filed his third post-conviction petition, which is the subject of this appeal. In the operative version of his third petition, petitioner claims that his trial counsel provided constitutionally inadequate assistance by failing to inform him that, under *Atkins v. Virginia*, 536 US 304, 122 S Ct 2242, 153 L Ed 2d 335 (2002), and the Eighth Amendment prohibition on cruel and unusual punishment, "petitioner's intellectual disabilities made him ineligible to receive a death sentence." According to petitioner, that deficiency in representation resulted in his entering a plea that was not "knowing, voluntary, or intelligent," as he pleaded no-contest to avoid the death penalty.

As for the untimely and successive nature of this post-conviction claim, petitioner asserts that it is not barred because it comes within the escape clauses in ORS

138.510(3) and ORS 138.550(3). A post-conviction petition generally must be filed within two years of conviction to be timely (with the exact start date depending on whether an appeal is taken), but an escape clause applies if the court finds that the grounds for relief asserted "could not reasonably have been raised" within the two years. ORS 138.510(3); *Gutale v. State of Oregon*, 364 Or 502, 504, 435 P3d 728 (2019). Similarly, all post-conviction claims generally must be raised in a single proceeding, rather than successive proceedings, but an escape clause applies if the court finds that the grounds for relief asserted "could not reasonably have been raised" in a prior petition. ORS 138.550(3); *Eklof v. Persson*, 369 Or 531, 533, 508 P3d 468 (2022).

        Petitioner's claim is both untimely and successive, so he invokes both escape clauses, making a unified argument as to both.[1] Petitioner argues that his current claim could not reasonably have been raised earlier because, according to his declaration in support of the petition, at all material times "and continuing to the present, petitioner has suffered from mental retardation secondary to a brain injury he likely sustained early in life." He further declares that "[a]s a result of his mental defect, petitioner's ability to meaningfully process and understand information conveyed to him by others is substantially impaired" and that he "never knew about *Atkins*" because of his "mental problems." The petition includes evidence that neurological testing performed on petitioner in 2000 puts him "in the range of borderline intelligence," with results consistent with "some kind of brain injury early in life," as well as evidence that petitioner was enrolled in special-education classes for his "entire life."

        The post-conviction court granted summary judgment in favor of the superintendent and dismissed petitioner's claim, based on its conclusion that the third petition was untimely and successive and that the asserted claim did not

---

[1] "[T]he text of the escape clause contained in ORS 138.510(3) is derived from its ORS 138.550(3) counterpart." *Gutale*, 364 Or at 517. It was the enacting legislature's intent that "[i]f a successive petition is permitted under ORS 138.550(3) because it raises a ground for relief that could not reasonably have been raised, then generally it also is permitted under ORS 138.510(3) ***." *Id.* at 518. Thus, "timely and untimely successive petitions will frequently be treated the same." *Id.*

come within the escape clauses in ORS 138.510(3) and ORS 138.550(3).

## ANALYSIS

Petitioner appeals, raising a single assignment of error in which he asserts that the post-conviction court erred by granting summary judgment for the superintendent and dismissing petitioner's claim. As we explain below, we agree with the superintendent that the disposition of this case is controlled by *Perez v. Cain*, 367 Or 96, 113, 473 P3d 540 (2020), and *Ingle v. Matteucci*, 315 Or App 416, 501 P3d 23 (2021), *rev allowed*, 369 Or 675 (2022). *Perez* was decided a month before the summary judgment hearing in this case but does not appear to have been brought to the post-conviction court's attention. *Ingle* was decided after the parties filed their appellate briefs, but it largely summarizes prior case law. Because both *Perez* and *Ingle* discuss *Gutale*, and because petitioner's appellate arguments focus on *Gutale*, we start with *Gutale*.

In *Gutale*, the petitioner pleaded guilty to and was convicted of a Class A misdemeanor and, years later, learned—when deportation proceedings were instituted against him—that there were immigration consequences to his plea. 364 Or at 504. The petitioner had told the court at sentencing that he was pleading guilty in part because he wanted to obtain United States citizenship, yet neither his trial counsel nor the trial court informed him that his conviction could have immigration consequences, as both were legally required to do. *Id.* at 504-05. In his post-conviction proceeding, the petitioner asserted that, because of the omissions of his trial counsel and the trial court, "he did not know that his conviction could affect his immigration status and that he remained unaware of that fact until he was detained by ICE after the [two-year] limitations period expired." *Id.* at 520.

The Supreme Court held that a triable issue existed as to whether Gutale's untimely petition came within the escape clause in ORS 138.510(3). The court explained that, in evaluating whether the claim could reasonably have been raised within two years of conviction, it was necessary to assess "both whether the petitioner reasonably could have

accessed the ground for relief and whether a reasonable person in the petitioner's situation would have thought to investigate the existence of that ground for relief." *Id.* at 511. The court decided that a triable issue existed as to whether a reasonable person in Gutale's situation would have had reason to investigate a potential claim related to immigration consequences. *Id.* at 512-13. In reaching that conclusion, the court emphasized that Gutale was unrepresented for the two years that the statute of limitations was running, such that reasonableness was measured from his perspective, not a lawyer's. *Id.* at 519. The court also explained that, while the very fact of a criminal conviction puts one "on notice of the need to investigate the existence of a ground for [post-conviction] relief," at which point it is "incumbent on the petitioner to look for legal challenges to his conviction," the fact of a criminal conviction may not put one on notice of the need to investigate collateral immigration consequences. *Id.* at 512.

A year after *Gutale*, the Supreme Court decided *Perez*. In *Perez*, the petitioner pleaded guilty to two counts of aggravated murder, based on crimes that he committed when he was 14 years old. 367 Or at 97. Eleven years later, he filed an untimely and successive petition for post-conviction relief, raising constitutional claims related to his youth at the time of the crimes. *Id.* The post-conviction court dismissed the claims as untimely and successive, concluding that they did not come within the escape clauses in ORS 138.510(3) and ORS 138.550(3), because the petitioner could reasonably have raised them eight years earlier in his first (and timely) post-conviction petition. *Id.* On review, the petitioner relied on *Gutale* to argue that his young age when the first petition was filed (17 or 18 years old) should have been considered in the escape-clause analysis, because "his status as a youth would have made it even more difficult to comprehend the significance of the statute [regarding trying juveniles as adults] or understand the ways in which he was prejudiced by its application to him." *Id*. at 112.

The Supreme Court rejected that argument, pointing to a critical difference between *Gutale* and the petitioner's case: "Petitioner was represented by counsel in his first post-conviction proceeding." *Id.* The court explained that "to the extent that *Gutale* made the petitioner the subject of the

reasonableness inquiry, it did so only for the escape clause in ORS 138.510(3), and in a case where the petitioner had not been represented by counsel in either an appeal or a prior post-conviction proceeding." *Id*. at 113. Because Perez had been represented by counsel in a prior post-conviction proceeding, the "appropriate question" was whether he "reasonably could, *through counsel*, have raised the claims." *Id*. (emphasis added). That is, the question was "whether a claim reasonably could have been raised from counsel's perspective; petitioner's age and other personal characteristics have no role in the analysis." *Id*. The post-conviction court did not err, under that standard, in dismissing Perez's claims as untimely. *Id*.

A year after *Perez*, we decided *Ingle*. The petitioner in *Ingle* filed a post-conviction petition more than eight years after his conviction, and the post-conviction court dismissed his claim as untimely, after concluding that it did not come within the escape clause in ORS 138.510(3). 315 Or App at 418. The petitioner argued that the claim could not reasonably have been raised during the two-year limitations period because of his personal mental health circumstances, which he described as an intellectual disability. *Id*. at 418, 424. We rejected that argument, explaining that it was foreclosed by existing Court of Appeals case law—particularly *Fisher v. Belleque*, 237 Or App 405, 240 P3d 745 (2010), *rev den*, 349 Or 601 (2011)—and that *Gutale* did not implicitly overrule that case law:

> "[P]etitioner squarely raises the question whether a post-conviction court must consider a petitioner's individual mental health circumstances—something unique to the petitioner—in applying the escape clause in ORS 138.510(3). That is fundamentally a question of statutory construction, *i.e.*, the enacting legislature's intent. The Supreme Court recently left this very question open in *Perez-Rodriguez v. State of Oregon*, 364 Or 489, 498-99, 435 P3d 746 (2019), recognizing that it is 'not an easy' question, and resolving the case before it on other grounds.

> "In this case, we conclude that, although the Supreme Court has yet to finally resolve the matter, we are bound by our controlling precedent, *Fisher v. Belleque*, 237 Or App 405, 240 P3d 745 (2010), *rev den*, 349 Or 601 (2011).

Petitioner contends that the Supreme Court implicitly over-ruled *Fisher* in *Gutale v. State of Oregon*, 364 Or 502, 519, 435 P3d 728 (2019), a case decided on the same day as *Perez-Rodriguez*, but we are not persuaded that that is so. In our view, while the issue remains open in the Supreme Court, *Fisher* is controlling precedent in our court and remains good law until the Supreme Court decides otherwise."

*Ingle*, 315 Or App at 418.

Returning to the present case, application of the foregoing case law establishes that the post-conviction court did not err by granting summary judgment for the superintendent and dismissing petitioner's claim.

This case involves an untimely and successive petition filed by a petitioner who was represented by counsel in prior post-conviction proceedings. As such, this case is governed by *Perez*, in which the Supreme Court expressly limited *Gutale* to situations involving a previously unrepresented petitioner: "[T]o the extent that *Gutale* made the petitioner the subject of the reasonableness inquiry, it did so only for the escape clause in ORS 138.510(3), and in a case where the petitioner had not been represented by counsel in either an appeal or a prior post-conviction proceeding." 367 Or at 113.

Under *Perez*, when a petitioner was represented by counsel in a prior post-conviction proceeding—as here—the relevant question for escape-clause purposes is "whether a claim reasonably could have been raised from *counsel's* perspective; petitioner's age and other personal characteristics have no role in the analysis." *Id*. (emphasis added); *see also id*. ("[T]he appropriate question is whether [the petitioner] reasonably could, *through counsel*, have raised the claims." (Emphasis added.)). Here, petitioner has not argued that his *counsel* could not reasonably have raised the current claim in a prior proceeding, nor could he make that argument successfully on this record. The post-conviction court did not mention *Perez*, which was decided a month before the summary judgment hearing and does not appear to have been brought to its attention. However, *Perez* is directly on point and establishes that the post-conviction court did not err in dismissing petitioner's claim.

Furthermore, in *Ingle*, we rejected the same arguments that petitioner makes here. For example, petitioner argues that, in *Gutale*, the Supreme Court implicitly overruled *Fisher* and its progeny, but we expressly rejected that argument in *Ingle*. *See Ingle*, 315 Or App at 428. Petitioner also makes an argument about *Hernandez-Zurita v. State of Oregon*, 290 Or App 621, 417 P3d 548 (2018), *vac'd*, 365 Or 194, 451 P3d 236 (2019), that we expressly rejected in *Ingle*. *See Ingle*, 315 Or App at 430 n 8. More generally, the post-conviction court's reasoning in this case is consistent with *Ingle*'s reasoning.

The concurring opinion appears to take the view that *Ingle* and *Fisher* are irrelevant to any case involving ORS 138.550(3), the bar on successive petitions, and are improper to even mention in a case involving both ORS 138.510(3) and ORS 138.550(3). *See* 320 Or App at 151-53 (Tookey, J., specially concurring). That is wrong for two reasons. One is that it ignores petitioner's actual arguments—petitioner is making specific arguments that we specifically rejected in *Ingle*. The other is that it fails to appreciate that the fact of *Gutale* being decided under ORS 138.510(3) likely reflects the practical reality that untimely first petitions, unlike successive petitions, are usually filed by previously unrepresented petitioners—rather than reflecting a true difference between the two escape clauses themselves. *See Ingle*, 315 Or App at 427.[2] That is, we are skeptical that, if pressed to the point, the Supreme Court would take the position that, as to a previously *unrepresented* petitioner, one escape clause should be viewed from the petitioner's perspective, while the other is viewed from nonexistent counsel's perspective, or that, as to a previously *represented* petitioner, one escape clause should be viewed from counsel's perspective, while the other is viewed from the petitioner's perspective. Here,

---

[2]

"Because of the realities of when court-appointed counsel is available, post-conviction petitioners filing successive petitions are likely to have been represented by counsel at a time when their new claims potentially could have been raised, which is why case law regarding the escape clause in ORS 138.550(3) typically focuses on counsel. By contrast, petitioners filing an original petition frequently will have lacked legal representation during the statutory period, such that the focus is on the petitioner."

*Ingle*, 315 Or App at 427 (internal citation omitted).

petitioner was previously represented, which is all that should matter.

Given our disposition, we need not reach the superintendent's alternative argument that, even if the post-conviction court was required to consider petitioner's personal characteristics for purposes of the escape clauses, petitioner's specific allegations in this case are insufficient to create a triable issue. *See Perez-Rodriguez*, 364 Or at 499 (affirming the dismissal of post-conviction claims contained in an untimely first petition because, "even if a petitioner's mental illness and intellectual disability could justify applying the escape clause" in ORS 138.510(3), the petitioner's "specific allegations *** would not justify applying the escape clause").

In sum, the post-conviction court did not err by concluding that petitioner's claim does not come within the escape clauses in ORS 138.510(3) and ORS 138.550(3) and, consequently, granting summary judgment for the superintendent and dismissing petitioner's untimely and successive petition.

Affirmed.

**Tookey, P. J.,** specially concurring.

This case involves a petitioner's third petition for post-conviction relief, in which he asserted that his claim for relief could not reasonably have been earlier raised due, in large part, to cognitive difficulties arising from his "mental retardation secondary to a brain injury." The majority concludes that the post-conviction court did not err when it determined that petitioner's claim did not fall within the escape clauses of ORS 138.510(3) and ORS 138.550(3) and dismissed his petition as untimely.[1]

---

[1] ORS 138.510(3) provides that a petition for post-conviction relief "must be filed within two years of" the date of conviction or date appeal is final (whichever is later), unless the petition asserts "grounds for relief *** which could not reasonably have been raised" within the two-year limitations period.

ORS 138.550(3) provides, in relevant part, "All grounds for relief claimed by petitioner in a petition [for post-conviction relief] must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

I join in the majority's conclusion insofar as it relies on the Supreme Court's explanation in *Perez* that, in analyzing a successive petition under the escape clause in ORS 138.550(3), the "'petitioner's age and other personal characteristics have no role in the analysis.'" 320 Or App at 147 (quoting *Perez v. Cain*, 367 Or 96, 113, 473 P3d 540 (2020) (emphasis added)). I write separately, however, because I do not join in the majority's reasoning insofar as it relies on specific decisions of this court in a manner I think is inconsistent with the Supreme Court's recent decisions clarifying the standard for assessing whether grounds for post-conviction relief were "reasonably available" to a petitioner for purposes of the escape clause in ORS 138.510(3).

As the majority correctly observes, this case involves a successive petition for post-conviction relief and, "[a]s such, this case is governed by *Perez*." 320 Or App at 147. Importantly, the holding in *Perez* concerned the successive-petition escape clause in ORS 138.550(3); it did not involve the escape clause in ORS 138.510(3). *See Perez*, 367 Or at 101 ("We begin—and, because it is dispositive—end with the [escape clause] contained in ORS 138.550(3)."). As the Supreme Court explained in *Perez*, "Under ORS 138.550(3), *** we analyze whether a claim reasonably could have been raised from counsel's perspective," and a petitioner's "personal characteristics have no role in the analysis." *Perez*, 367 Or at 113. I agree with the majority's view that, given the holding in *Perez*, petitioner's personal characteristics would not be relevant to the analysis of a successive petition under ORS 138.550(3). Consequently, I agree with an affirmance in this case because, with respect to ORS 138.550(3), *Perez* is "directly on point and establishes that the post-conviction court did not err in dismissing petitioner's claim." 320 Or App at 145.

However, as the Supreme Court has explained, the escape clause separately provided in ORS 138.510(3) "differs from the escape clause to the bar on successive petitions [in ORS 138.550(3)] in one important respect": "[T]he subject of the reasonableness inquiry in ORS 138.510(3) is an unrepresented petitioner, rather than counsel." *Gutale v. State of Oregon*, 364 Or 502, 519, 435 P3d 728 (2019). The reasonableness inquiry under ORS 138.510(3) requires assessing

"whether a reasonable person *in the petitioner's situation* would have thought to investigate the existence of th[e] ground for relief" asserted in the petition, *id.* at 512 (emphasis added), and whether grounds for relief are reasonably available "means more than just that a petitioner could have found the law if he or she had looked," *Perez-Rodriguez v. State of Oregon*, 364 Or 489, 496, 435 P3d 746 (2019).

It was for those reasons that, in *Ingle v. Matteuci*, I disagreed with the majority's view that *Fisher v. Belleque*, 237 Or App 405, 240 P3d 745 (2010), was controlling, and its view that, for purposes of the escape-clause analysis under ORS 138.510(3), the circumstances of a petitioner's mental illness are "not relevant." 315 Or App 416, 432, 501 P3d 23 (2021) (Tookey, J., dissenting), *rev allowed*, 369 Or 675 (2022). Instead, I expressed in a dissenting opinion that, "in certain circumstances, a petitioner's mental illness is relevant to—and can justify application of—the escape clause" in ORS 138.510(3), and that "such application is consistent with recent Supreme Court case law regarding the escape clause and with the legislative purpose behind the escape clause (*i.e.*, to ensure a petitioner's access to justice)." *Id.* at 432-33. I also remarked that "[c]ourts in several jurisdictions routinely consider mental illness in the context of equitable tolling of statutes of limitation, including in connection with post-conviction claims." *Id.* at 447 (citing, among other cases, *Milam v. Harrington*, 953 F3d 1128, 1130-32 (9th Cir 2020) (noting that "equitable tolling for mental impairment is available in myriad circumstances," and holding that the district court erred in refusing to consider whether federal habeas petitioner's mental impairment caused the untimely filing of his petition)); *see also Bills v. Clark*, 628 F3d 1092, 1100 & n 3 (9th Cir 2010) (observing that "the extraordinary circumstance of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file," and articulating a standard requiring courts "to evaluate how a petitioner's mental impairment bore on his ability to file" a petition for post-conviction relief). Importantly, the issue in both *Ingle* and *Fisher* concerned the applicability of the escape clause in

ORS 138.510(3), not the successive-petition escape clause in ORS 138.550(3).

In this case, as the majority explains, "petitioner asserts that [his petition] is not barred because it comes within the escape clauses in ORS 138.510(3) and ORS 138.550(3)." 320 Or App at 143. Yet, in rejecting that assertion, the majority relies, in part, on the reasoning in *Ingle* and *Fisher*, both of which concerned only the escape clause in ORS 138.510(3). *See* 320 Or App at 146, 147. I do not join the majority's decision insofar as it treats *Ingle* and *Fisher* as determinative in this case with respect to the issues on appeal regarding ORS 138.510(3).[2]

The majority in *Ingle* relied on *Fisher* to reach the conclusion that the petitioner's mental illness did not bring his petition within the escape clause in ORS 138.510(3). *Ingle*, 315 Or App at 418, 425-26. *Fisher*, in turn, relied on *Bartz v. State of Oregon*, 314 Or 353, 839 P2d 217 (1992), an early Supreme Court case interpreting the escape clause contained in ORS 138.510(3). *See Fisher*, 237 Or App 409-11. In *Fisher*, we explained that "*Bartz* makes it clear that the applicability of the escape clause turns on whether the information existed or was reasonably available to the petitioner," and that a petitioner's "failure to act on information that is available *** is *irrelevant*." *Fisher*, 237 Or App at 410-11 (citation and internal quotation marks omitted; emphasis added).

Yet, as I explained in my dissent in *Ingle*:

"[S]ince we decided *Fisher*, the Supreme Court has indicated that we cannot assume that *Bartz* provides the final answer on the meaning of ORS 138.510(3), and clarified that whether a claim reasonably could have been raised earlier will vary with the facts and circumstances of each claim. And, even more recently, the Supreme Court in *Gutale* further clarified that the standard for determining whether grounds for relief were reasonably available requires assessing whether a reasonable person *in the*

---

[2] I note also that I do not understand *Ingle* and *Fisher* to be determinative with respect to the issues on appeal regarding ORS 138.550(3), insofar as the holdings in those two opinions addressed only ORS 138.510(3); my agreement with the majority's analysis in this case concerning ORS 138.550(3) rests on my understanding of the Supreme Court's decision in *Perez*.

*petitioner's situation* would have thought to investigate the existence of that ground for relief. That standard set forth in *Gutale* requires this court to consider [a] petitioner's situation, which in this case includes the circumstances of his mental illness throughout the limitation period; to disregard those circumstances would be to disregard that standard."

315 Or App at 454-55 (Tookey, J., dissenting) (brackets, ellipsis, internal quotation marks, and internal citations omitted; emphasis in original).

For those reasons, I remain unpersuaded that the *Ingle* majority's reliance on our earlier opinion in *Fisher*—and am now unpersuaded that the majority's reliance, in this case, on *Ingle*—is consistent with the Supreme Court's recent decisions clarifying the standard for assessing whether grounds for relief were "reasonably available" to a petitioner for purposes of the escape clause in ORS 138.510(3). Accordingly, I am unable to join in that part of the majority's reasoning.