***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted April 18, affirmed August 9, petition for review denied December 21, 2023  (371 Or 771)

BALTAZAR HERNANDEZ-ZURITA,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Washington County Circuit Court
C150213CV; A176450

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

On appeal from a judgment denying post-conviction relief, petitioner argues that the post-conviction court erred when it denied petitioner relief on his claim of ineffective assistance of counsel. The post-conviction court concluded after a trial that petitioner was not entitled to file an untimely petition under ORS 138.510(3) and that his claim failed on its merits. Petitioner acknowledges that his petition was not timely filed under ORS 138.510(3) but asserts that it was nevertheless error to dismiss the petition because he qualifies for untimely filing under the escape clause. Specifically, petitioner asserts that post-conviction claims were not "reasonably available" to him during the two-year limitations period. We hold that the post-conviction court did not err in concluding that petitioner's claim does not fall within the escape clause and affirm. Because we conclude that petitioner's claim was time barred, we do not reach the merits of petitioner's appeal.

Evidence in the record supports a determination that petitioner could reasonably have filed for post-conviction relief on the basis of ineffective assistance of counsel within the limitations period. ORS 138.510(3); *see also Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) ("We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error."). The record supports a finding that petitioner knew, within the limitations period, about the immigration consequences that formed the basis for his claim. *Gutale v. State of Oregon*, 364 Or 502, 514, 435 P3d 728 (2019); *see also Perez-Rodriguez v. State of Oregon*, 364 Or 489, 491, 435 P3d 746 (2019). The record further supports a determination that after being deported, petitioner had returned to the United States within the limitations period and reasonably could have raised his grounds for relief earlier. *Ingle v. Matteucci*, 315 Or App 416, 424, 501 P3d 23 (2021), *rev allowed*, 369 Or 675 (2022) (relying on *Fisher v. Belleque*, 237 Or App 405, 240 P3d 745 (2010), *rev den*, 349 Or 601 (2011) and explaining that "existing precedent has always focused on *any* reasonable person in the petitioner's situation * * * without consideration of the petitioner's unique personal characteristics" (emphasis in original)).

Thus, we hold that the post-conviction court did not err in concluding that petitioner was not entitled to file an untimely petition under ORS 138.510(3).

Affirmed.